570 S.E.2d 521

**In the Matter of Vannie WILLIAMS, Jr., Respondent.**

No. 25530.

Supreme Court of South Carolina.

Submitted July 30, 2002.

Decided Sept. 23, 2002.

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Clifford Scott, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a sanction within the range of sanctions set forth in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and find an indefinite

suspension from the practice of law is the appropriate sanction.

## *Facts*

Since 1997, respondent has failed to maintain client ledger cards or monthly reconciliation sheets reflecting the receipt, disbursement and balance of funds in his trust account. Respondent has also failed to maintain any other register, log or document reflecting the accurate balance or existence of accumulated attorney's fees in his trust account.

A review of respondent's trust account from January 1, 2001 until December 31, 2001, found the account had a negative balance on three occasions and eight checks were returned for non-sufficient funds. Deposits were made without information necessary to identify the case file number, client name or source of the funds, nor was respondent able to provide that information upon examination of his own financial records. Moreover, forty-six checks, payable to respondent and marked "attorney's fees," were written on the account, and one telephone transfer of funds for attorney's fees was made out of the account without any information regarding the case file number or client from which they were earned. Respondent was unable to provide that information upon examination of his financial records. He was also unable to identify client funds, or distinguish attorney's fees, if any, from client funds, in the trust account upon examination of a monthly bank statement.

To further confuse matters, respondent deposited personal funds into his trust account in an effort to conceal assets from the Internal Revenue Service, which had attached liens to his personal banking accounts. He also paid personal debts and expenses from the trust account, including restitution ordered by this Court in *In the Matter of Williams*, 336 S.C. 578, 521 S.E.2d 497 (1999).

Prior to and during the one year review period, respondent received funds on behalf of six clients and deposited the funds into his trust account. In four of those matters, respondent did not pay the clients, or third party providers he had agreed to pay on behalf of a client, the amounts owed them for anywhere from three to seventeen months after he received

the funds. Between the time that he received the funds and the time he paid the clients or third party providers, respondent's trust account often had a negative balance, thereby indicating the client funds had been misappropriated or converted for purposes other than those for which they were intended.[1] The funds eventually used to pay the clients and third party providers came from a source other than the funds that had been held in trust for them. In the remaining two matters, respondent has failed to pay the clients all of the funds owed them.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.15(a) (a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 1.15(b) (upon receiving funds in which a client or third person has an interest, a lawyer shall promptly notify the client or third person, shall promptly deliver to the client or third person any funds or other property the client or third person is entitled to receive and, upon request, shall promptly render a full accounting regarding such funds); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits that he has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for

---

1. In one matter, respondent issued a check to the client but it was returned due to insufficient funds.

discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or to engage in conduct demonstrating an unfitness to practice law).

## Conclusion

In our opinion, respondent's misconduct warrants an indefinite suspension from the practice of law. Respondent shall not be entitled to seek reinstatement to the practice of law until he has paid in full the amounts owed to the two clients referenced above or repaid the Lawyers' Fund for Client Protection if it has paid the amounts respondent owed to those clients. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.